IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-02696-MSK

GEBHARDT EUROPEAN AUTOS, LLC, d/b/a Porsche of Boulder

    Plaintiff,

v.

PORSCHE CARS OF NORTH AMERICA, INC.,

    Defendant.

---

**OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**

---

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Temporary Restraining Order **(# 2)**.

The Plaintiff's Verified Complaint **(# 1)** alleges that the Defendant has improperly cancelled the Plaintiff's franchise to operate an auto dealership selling the Defendant's Porsche vehicles, effective October 25, 2010. The Plaintiff asserts claims sounding in state statutory and common law, including claims under Colorado's "Dealer's Day In Court Act," C.R.S. § 12-6-120, and claims for breach of contract.

The Court denies the request for a Temporary Restraining Order, without prejudice, for a variety of reasons.

First, and most importantly, the Verified Complaint is facially defective. The Plaintiff purports to invoke the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332, in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party

1

asserting federal subject-matter jurisdiction premised on diversity must plead sufficient facts to demonstrate that the requirements of § 1332 are met. *See e.g. McBride v. Doe*, 71 Fed.Appx. 788, 789-90 (10th Cir. 2003) (unpublished). To be sufficient, the Plaintiff must plead facts, not simply assert naked conclusions. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). Here, the Plaintiff pleads only the naked conclusion that "there is complete diversity of citizenship." *Docket # 1,* ¶ 3. Nowhere does the Plaintiff purport to identify the particular citizenship of either party.[1] This defect alone is sufficient to both deny the motion for Temporary Restraining Order and to *sua sponte* dismiss the action for lack of subject-matter jurisdiction.[2] Nevertheless, in the interest of avoiding unnecessary multiplication of proceedings when the defect is, presumably, readily correctable by amendment, the Court will simply direct that the Plaintiff show cause, by amendment of the Complaint pursuant to Fed. R. Civ. P. 15(a) or otherwise, why this action should not be dismissed for lack of subject-matter jurisdiction. Such showing shall be made at or before the hearing scheduled herein.

Assuming that the Plaintiff will ultimately be able to correct the jurisdictional error, the Court nevertheless finds that it has failed to show its entitlement to *ex parte* injunctive relief

---

[1]For incorporated entities, such assertion must, at a minimum, identify the state of incorporation and the state of the principal place of business for each entity. 28 U.S.C. §1332(c)(1). To the extent that either party is a limited liability company, the Plaintiff must allege the state of citizenship of each member of that company. *See e.g. Birdsong v. Westglen Endoscopy Ctr., LLC*, 176 F.Supp.2d 1245, 1248 (D. Kan. 2001).

[2]The Court also has reservations that the Complaint adequately pleads the amount in controversy. The Complaint contains only the conclusory assertion that the amount in controversy exceeds the jurisdictional amount, but offers no elaboration as to how that conclusion was reached. The Complaint does make a passing observation that the Plaintiff "has invested more than $2,000,000 in its franchise," but this assertion is not the equivalent of an contention that the full amount of the Plaintiff's investment in the franchise is the measure of damages sought on any of the claims.

under Fed. R. Civ. P. 65(b). To obtain a Temporary Restraining Order under Fed. R. Civ. P. 65(b)(1)(a), a plaintiff must show, via affidavit or verified pleading: (i) that he will suffer immediate and irreparable injury before the defendant can be heard in opposition; and (ii) the efforts he has made to give notice of the request to the opposing party, or to show why notice should be excused.[3]   The Plaintiff's motion fails on both counts.

With regard to a showing of immediate and irreparable injury via affidavit or verified pleading, the Court observes that the Plaintiff's motion is not supported by an affidavit. Thus, compliance with Rule 65(b)(1)(A) must be found, if at all, by virtue of the Plaintiff's verification of the Complaint. The final page of the Complaint is a verification by James P. Gebhardt, but that verification is deficient for several reasons.

First, the verification, although signed by Mr. Gebhardt, is not sworn to and notarized. Instead, it states only that "I am aware that if any of the foregoing statements made by me are false, I am subject to punishment." 28 U.S.C. § 1746 permits a party to substitute an unsworn declaration where a sworn statement is required, but to comply with that statute, the unsworn declaration must be "in substantially [a] form" that includes a statement that the declarant "declare[s] . . . under penalty of perjury that the foregoing is true and correct." Mr. Gebhardt's statement that he is "subject to" an unspecified "punishment" if his statements are not true and

---

[3]Although not specifically stated in Rule 65(b) as elements for *ex parte* relief, some courts have also required applicants for a Temporary Restraining Order to also demonstrate the requirements for issuance of a preliminary injunction, namely: (i) a likelihood of success on the merits; (ii) irreparable harm that will result if the injunction is denied; (iii) that the threatened injury outweighs the harm that would result to the opposing party if the motion were granted (*i.e.* that the "balance of the equities" favors the movant); and (iv) that the injunction will not adversely affect the public interest. *See Wilderness Workshop v. U.S. Bureau of Land Mgt.*, 531 F.3d 1220, 1224 (10th Cir. 2008).

correct is insufficient to comply with the requirements of 28 U.S.C. § 1746.  *U.S. v. Branella*, 972 F.Supp. 294, 300 (D.N.J. 1997) (declaration that "I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment" insufficient to satisfy §1746).

Second, Mr. Gebhardt's verification is self-circumscribed to a limited set of facts.  The verification states that Mr. Gebhart has "personal knowledge of the communications between [the Defendant] and Porsche of Boulder . . . The factual statements in this Complaint cconcerning these communications are true and correct."  In other words, Mr. Gebhardt verifies only those portions of the Complaint that describe communications between the parties; all other facts in the Complaint necessarily fall outside of the scope of Mr. Gebhardt's verification and are thus unverified.  As relevant here, facts relating to the immediate and irreparable injury that would be suffered by the Plaintiff if *ex parte* injunctive relief is not granted are not facts that would fall within the definition of "communications between" the parties.  Thus, the Court cannot say that those facts are supported by affidavit or verification as required by Rule 65(b)(1)(A).

Finally, even if the Court were to treat the entire Complaint as falling within Mr. Gebhardt's verification, the Court would nevertheless find that no specific facts demonstrate that "immediate and irreparable injury . . . will result to [the Plaintiff] before [the Defendant] can be heard in opposition."  Rule 65(b)(1)(A).  The Complaint contains only a conclusory assertion that the Defendant's "unlawful and unreasonable actions have irreparably harmed [the Plaintiff]

4

and Colorado consumers," *Docket* # 1, ¶ 30,[4] but alleges no facts that explain what constitutes this "irreparable" harm.  Paragraph 27 of the Complaint alleges that the Defendant's actions "cut off [the Plaintiff's] ability to process service and warranty work and cancelled all outstanding vehicle orders," and that these actions "have already harmed Colorado customers through the sudden disruption in business," but makes no allegation that such conduct harmed the Plaintiff itself (*c.f.* "Colorado customers"), much less that such harm cannot be remedied by a monetary award at the conclusion of trial.  Nothing else in the Complaint purports to address the issue of irreparable injury that will befall the Plaintiff if *ex parte* relief is not warranted.[5]

Finally, even if the Complaint had adequately alleged an irreparable injury that the Plaintiff would suffer, it does not indicate that the only way for the Court to prevent that injury from occurring is to grant the Plaintiff injunctive relief on an *ex parte* basis.  A Temporary Restraining Order is appropriate only where the party seeking it will suffer the irreparable injury "before the adverse party can be heard in opposition."  Rule 65(b)(1)(A).  Here, assuming the Plaintiff's assertions of irreparable injury are correct, the Plaintiff began suffering that injury on October 25, 2010, when its franchise was cancelled, and it has continued to suffer that injury up to November 4, 2010, the date on which it sought the Temporary Restraining Order.  This is not a situation in which only an *ex parte* injunction can prevent an injury from occurring; the injury

---

[4] An equally conclusory assertion that "[the Plaintiff] will suffer immediate and irreparable injury" is found in Paragraph 85 of the Complaint.

[5] The Plaintiff has filed a brief **(# 3)** in support of its motion for a Temporary Restraining Order that, among other things, contends that "the value of goodwill and the present value of future lost profits are not capable of ready and easy estimation," thus demonstrating an irreparable injury.  The Court notes that the Complaint itself never mentions the terms "goodwill" or "profits."

already began occurring before the Plaintiff sought relief, and there is no indication how *ex parte* relief – as opposed to preliminary injunctive relief sought on notice to the Defendant – is necessary to prevent incremental suffering of that harm. (Put differently, it would seem to the Court that, once the Plaintiff incurred several days of injuries before seeking relief, the need for immediate, *ex parte* intercession by the Court to prevent further injury diminished; at this point, it is difficult to say that the few days that will pass before the Defendant could be heard in response to a request for injunctive relief will contribute materially to the injury suffered by the Plaintiff.)

Accordingly, the Court finds that the Plaintiff has failed to satisfy the requirements of Fed. R. Civ. P. 65(b)(1)(A), and the request for a Temporary Restraining Order is denied on that basis.

Moreover, Rule 65(b)(1)(B) also requires that the Plaintiff's counsel certify in writing what efforts were made to give notice of the request for a Temporary Restraining Order to the Defendant, as well as to show why such notice should not be required. Nothing in the Plaintiff's motion satisfies this requirement.[6] This constitutes a separate and independent basis for denying the request for *ex parte* relief.

For these reasons, the Plaintiff's Motion for Temporary Restraining Order **(# 2)** is

---

[6]The motion does contain a Certificate of Conference and Service which, among other things, reports that the Plaintiff's counsel "conferred with counsel for Defendant . . . in an effort to resolve the disputed matter," and that the Plaintiff's counsel served copies of the Complaint and motion on the Defendant on November 4, 2010, the same date they were filed with this Court. Even if the Court were to assume that the "disputed matter" discussed on November 1 was the request for *ex parte* injunctive relief, not the merits of the case as a whole, such that the Plaintiff has satisfied the requirement of Rule 65(b)(1)(B) that the Plaintiff's counsel certify "any efforts made to give notice" of the request for *ex parte* relief to the opponent, the Plaintiff has still failed to come forward with any explanation as to why such notice should not be required.

**DENIED**.  Although there is some ambiguity as to whether the motion also requests the issuance of a preliminary injunction in addition to a Temporary Restraining Order – the caption of the motion seems to, but the Prayer for Relief does not clearly do so – the Court assumes that both parties can reasonably assume that preliminary injunctive relief pursuant to Fed. R. Civ. P. 65(a) is also sought by the Plaintiff.  Accordingly, the Court will conduct a non-evidentiary hearing on **Friday, November 12, 2010** at **10:00 a.m.** for the purpose of addressing whether and to what extent an evidentiary hearing is necessary to address the Plaintiff's request for preliminary injunctive relief.  The Plaintiff shall **SHOW CAUSE**, at or before this hearing, why the Complaint should not be dismissed for lack of subject-matter jurisdiction.  The parties may appear by telephone at the hearing by making arrangements sufficiently in advance with the Courtroom Deputy, Patti Glover, at 303-335-2185.   There being no appearance by defense counsel to date, counsel for the Plaintiff shall immediately serve a copy of this Order on the Defendant and  anyone reasonably believed to be acting as counsel for the Defendant in this matter.

Dated this 9th day of November, 2010

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge