**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Case No.: 10-CV-2696-MSK-KMT

GEBHARDT EUROPEAN AUTOS,
LLC, DBA PORSCHE OF BOULDER

       Plaintiff,

v.

PORSCHE CARS OF AMERICA, INC.,

       Defendant.

---

**PROTECTIVE ORDER GOVERNING**
**THE USE AND MAINTENANCE OF CONFIDENTIAL MATERIAL**

---

       To protect the confidentiality of documents and other materials produced during discovery, the parties to this action hereby stipulate and agree that the following Protective Order shall be entered in this matter and shall govern all discovery and discovery proceedings in this action:

    **1.**    **Designated Material; Disagreements**

       Any party in this action or any third-party witness shall have the right to designate any material produced during discovery (including exhibits, documents and things produced by any party or witness, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits and deposition testimony or transcripts) that comprises or contains information that such party or witness claims in good faith to constitute trade secrets, non-public information, product development, the development and

creation of advertising, budget figures, pricing information, bidding information, customer information, commercial information (including business plans, business prospectuses and license agreements), financial information (including sales figures, financial statements, bank statements, ledgers and expenditures on capital improvements), personnel information, or personal information as (a) "CONFIDENTIAL—PRODUCED SUBJECT TO PROTECTIVE ORDER," or (b) in the event the party or witness claims in good faith that disclosure of the information to the other parties to the action would result in competitive injury to it or pose a security risk or if the disclosure includes (1) financial, operational, or marketing information concerning any dealer other than plaintiff, except for sales data that is otherwise publicly available; (2) documents concerning the evaluation or analysis by Porsche Cars North America, Inc. of the performance of any Porsche dealer other than plaintiff; (3) minimum sales requirements, sales objectives, or planning volumes for dealers other than plaintiff, as "CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER," either of which is hereinafter referred to as "Designated Material."

The parties may agree to add additional categories of Designated Material from time to time as necessary and as mutually agreed. If the parties cannot resolve the issue of whether this Protective Order should be amended to include the proposed new category of Designated Material, the dispute may be submitted to the Court by motion or otherwise. Parties need not produce documents subject to a dispute over a new category of Designated Material, until the parties agree to, or the Court orders, a resolution.

This Order shall not act to waive any objection by any party raised as to any discovery matter other than one asserting that the materials sought to be discovered constitute

confidential or proprietary information; provided, however, that nothing in this paragraph shall be construed so as to prevent a party from objecting to the designation of information as "CONFIDENTIAL—PRODUCED SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER" in accordance with the procedure set forth in Paragraph 17 of this Order.

### 2. Certification of Counsel

Prior to designating information as Designated Material subject to the protections of this Order, such information must first be reviewed by a lawyer who will certify that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection.

### 3. Marking And Deposition Procedures

A designation as to documents or any other tangible thing produced shall be made by placing an appropriate legend on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing or by notifying all other parties in writing, either before or after production, that certain documents (identified by Bates stamp number) are either "CONFIDENTIAL—PRODUCED SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER." Inadvertent failure to make a designation may be corrected by supplemental written notice given as soon as practicable. Deposition transcripts or portions thereof may be designated as confidential by a party or third-party witness either (a) before the testimony is taken, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL—PRODUCED

SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—LAWYER'S ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER" by the reporter, as the designating party may direct; or (b) by written notice to the reporter and all counsel of record, given within twenty (20) business days after the reporter sends written notice to the party, third-party objecting party or its counsel that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their or their clients' possession or control as directed by the designating party or witness. Pending expiration of the twenty (20) business days, all parties and, if applicable, any third-party witnesses or attorneys, shall treat the deposition transcript as if it had been designated "CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER." All persons present at a deposition involving Designated Material are enjoined from disclosing the testimony of the deponent pertaining to Designated Material except as is provided in this Order.

   4.    **Restriction On Disclosure And Use**

No person may use or disclose Designated Material or information derived from such material (excluding information which is derived lawfully from an independent source) except for purposes of this action and as set forth in this or any further order of the Court; but nothing contained in this Order shall affect the right of a party or other witness to use or disclose its own Designated Material as it sees fit. In addition, and without limiting the foregoing, except as provided in paragraphs 5, 6, 7, 10, and 11, no employee or agent of any receiving party shall be given access to Designated Materials of any producing party, nor shall the contents or substance of any Designated Material be disclosed to any such person.

### 5.  Access—"Confidential—Lawyer's Eyes Only"

Designated Material marked "CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER" shall be available only to: counsel for the named parties (including in-house counsel), and the counsel's partners, associates and employees; court reporters involved in the recordation and transcription of such information; and Court personnel, including the Judge, law clerks, courthouse clerks and court reporters.  Such materials also may be disclosed to outside consultants/experts (and their employees) designated as expert witnesses in this action; and also to a consultant/expert who is not so designated by the party in this litigation, so long as prior to making disclosure the counsel for the disclosing party obtains an executed Acknowledgment of Confidentiality form signed by the person to whom such disclosure is to be made.  Attached as Exhibit "A" is a form for both "CONFIDENTIAL—PRODUCED SUBJECT TO PROTECTIVE ORDER" and "CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER" documents.  Counsel to whom Designated Material is produced shall keep in his files an original of all such signed Acknowledgment and Confidentiality forms.

### 6.  Access—"Confidential"

Designated Material marked "CONFIDENTIAL—PRODUCED SUBJECT TO PROTECTIVE ORDER" shall be available only to (1) those persons who may have access to materials designated "CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER" under the terms of paragraph 5 above, (2) the named parties to this action and the defendants' current officers and employees, and (3) consultant/experts not designated as expert witnesses in this action.

### 7.     Procedures For Filing Confidential Material

Designated Material marked as "CONFIDENTIAL—PRODUCED SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER" may be included with, or referred to in, papers filed with the Court where this case is now pending or in any subsequent courts only in accordance with the following procedures:

(a)     The materials designated "CONFIDENTIAL—PRODUCED SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER" must be filed under seal or lodged with the Court in sealed envelopes in accordance with the federal and local rules of procedure. Designated Materials must be endorsed with the title of this action, a title indicating the contents of the envelope, the identity of the filing party and the notation "CONFIDENTIAL—Subject to Protective Order Not to be Disclosed Except by Court Order or Written Stipulation of the Parties."

(b)     All papers filed with the Court, including but not limited to pleadings and memoranda of law, which quote or include information set forth in Designated Material marked "CONFIDENTIAL—PRODUCED SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER" must be filed under seal or lodged with the Court in accordance with the terms and procedures set forth in this Order, including the procedures for filing materials set forth above in paragraph 7(a).

(c) All materials and papers filed under seal or lodged with the Court must clearly be marked "Filed under Seal" or "Lodged with the Court."

(d) In addition to the copy lodged with the Court, a copy of all sealed materials and papers must be served on counsel to the parties in this action. Counsel for all parties shall be obligated to retain a copy of all sealed materials in accordance with the terms of this Order in the event of an appeal.

### 8. Expurgated Filings

Expurgated versions of material or papers filed under seal or lodged with the Court may be filed with the Court in accordance with the federal or local rules of procedure and made publicly available, provided that:

(a) All references to Designated Material are deleted or obscured so as to be illegible and all Designated Material are removed as exhibits; and

(b) Expurgated versions are clearly marked "Public Version—Confidential Material Omitted." Expurgated versions must also clearly identify each place where information or exhibits have been deleted.

### 9. Agreement

In no event shall any Designated Material, papers or information derived directly from Designated Material be disclosed to any person other than those delineated in this Order and who have agreed to be bound by the terms of this Order (or court personnel), except by order of the Court or by written stipulation of the parties. All persons entitled under this Order to receive Designated Material, except counsel who have signed this Order (and who are bound thereby), shall represent their willingness to be bound by this Order, on behalf of themselves and

the named party for whom they are employed, by completing the Acknowledgment of Confidentiality Order and Agreement to be Bound, Exhibit A.

### 10. Disclosure To Authors, Previous Recipients And Deponents

The designation of any document as "CONFIDENTIAL—PRODUCED SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—LAWYER'S EYES ONLY— PRODUCED SUBJECT TO PROTECTIVE ORDER" shall not preclude any party from showing such document to any person who appears as the author, as a recipient on the face of the document or as a duly called witness at deposition or trial in this matter. If it is not clear on the face of the document as to who is the author or recipient, then the parties agree to follow the procedures set forth in Paragraph 11 below. This paragraph applies only to Designated Material, and does not permit disclosure of confidential court papers except as set forth elsewhere in this Order.

### 11. Procedure For Seeking Additional Disclosures

Prior to any disclosure of material designated "CONFIDENTIAL—PRODUCED SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—LAWYER'S EYES ONLY— PRODUCED SUBJECT TO PROTECTIVE ORDER," other than as provided in paragraphs 5, 6, 7, and 10 above, counsel desiring to make such disclosure shall first provide five (5) business days prior written notice of his or her intent to make such disclosure to counsel for the designating party or third-party witness, stating therein the specific material to be disclosed and the name, address, and position of the person to whom such disclosure is to be made. If within this five (5) business day period the designating party or third-party witness gives written notification of an objection to the disclosure to counsel desiring to make the disclosure, no

disclosure shall be made except by order of the Court upon a regularly noticed motion brought by counsel desiring to make the disclosure.  Before filing such a motion, counsel desiring to make the disclosure shall meet or confer by telephone with counsel for the designating party or third-party witness in a good faith effort to resolve their differences.  Prior to any disclosure, other than as provided in paragraphs 5, 6, 7, and 10 above, the person to whom the proposed disclosure shall be made must sign a copy of the appropriate "Acknowledgment of Confidentiality Order and Agreement to Be Bound," attached as Exhibit A to this Order, and agree to be bound by all terms and conditions of this Order.  The acknowledgment shall be retained by counsel for the party obtaining it, and distributed upon final disposition of this action as set forth in paragraph 15 below.

### 12.     Responsibility Of Attorneys

Counsel of record shall be responsible for providing a copy of this Order to all persons entitled to review materials and papers designated "CONFIDENTIAL—PRODUCED SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER" pursuant to paragraphs 5, 6, 10 and 11 above, and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials and papers so designated.  No person shall duplicate any materials designated "CONFIDENTIAL—PRODUCED SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER" except as contemplated by this Order, for use as exhibits at depositions or trial, in connection with Court filings or, as necessary, by counsel for use as working copies.  All persons who review "CONFIDENTIAL—PRODUCED SUBJECT TO PROTECTIVE ORDER" or

"CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER" documents must execute the "Acknowledgment of Confidentiality Order and Agreement to Be Bound," attached as Exhibit A to this Order, and counsel for each party must retain copies of the executed acknowledgments.

### 13. Disclosure Of Designated Material At Trial Or Pre-Trial Hearings

If a party anticipates that it may disclose any material designated as "CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER" at trial or a pretrial hearing in this action, it shall give at least forty-eight (48) hours notice to the Court and all other parties of such anticipated disclosure. When such notice has been given, counsel shall join in a request for an *in camera* or similarly confidential proceeding during the disclosure of the Designated Material. The requirement of advance notice shall not apply to a disclosure of Designated Material in rebuttal or response to another party's oral argument at the hearing where the need for such disclosure could not be reasonably anticipated in advance of the hearing, or to Designated Material previously filed under seal. However, even in that circumstance, counsel shall inform the Court and opposing counsel of his or her intention to disclose Designated Material prior to disclosing any information designated as "CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER." He or she shall then request, or give counsel for the designating party the opportunity to request, an *in camera* or similarly confidential proceeding during the disclosure of the designated information.

14. **Reference To This Order At Trial**

No reference may be made at the trial of this matter in the presence of a jury to the existence of this Order or to the effect that certain information is subject to this Order.

15. **Final Disposition**

Upon the final disposition of this action, the attorneys for the parties shall return any Designated Material to the party or witness from whom it was obtained or destroy the material, papers filed with the Court, and all copies of such materials and papers, pursuant to the instructions of the designated party, unless otherwise agreed to by the designating party or ordered by the Court. If no instructions are received, all Designated Material may be destroyed 180 days after the conclusion of a final non-appealable judgment or determination. When Designated Material has been destroyed pursuant to this provision, a certificate of destruction may be prepared and provided to counsel for the opposing party indicating that such material has been destroyed. In addition, upon final disposition of this action, counsel of record may furnish copies of all signed acknowledgments obtained in accordance with the provisions of paragraphs 5, 9, 11 and 12 above to all other counsel of record. The Court shall maintain the sealed and confidential nature of Designated Material in accordance with the local and federal rules of civil procedure.

16. **Purpose**

This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information, to alter the designation or non-designation of any document, or otherwise to seek

relief from inadvertent disclosure of privileged or work product information. This Order does not preclude all of the parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order subject to the Court's review and approval.

**17.     Procedure For Modification Of Order/Objection To Designation**

A party may object to the designation of particular "CONFIDENTIAL—PRODUCED SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection it shall be the obligation of the party designating the information as "CONFIDENTIAL—PRODUCED SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER" to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. Such motion must be filed within ten (10) business days after the time the notice of objection is received. If such a motion is timely filed, the disputed information shall be treated as "CONFIDENTIAL—PRODUCED SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "CONFIDENTIAL—PRODUCED SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER" and shall not thereafter be treated as "CONFIDENTIAL—

PRODUCED SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL—PRODUCED SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL—PRODUCED SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—LAWYER'S EYES ONLY—PRODUCED SUBJECT TO PROTECTIVE ORDER."

All parties agree to fully cooperate in good faith in order to resolve discovery disputes in a prompt fashion.

### 18. Effective Date

This Order shall be effective as of the date of its execution by all the parties' counsel.

### 19. Termination

The termination of this action shall not terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the designating party agrees otherwise in writing or this Court (or any other court of competent jurisdiction) orders otherwise.

### 20. Discovery Deadlines

In the event of any delay in production or disclosure of documents, testimony, responses, or evidence as a result of any dispute under this Order, the parties will stipulate to

extend the discovery deadlines, subject to the Court's consideration, until the dispute is resolved and the discovery sought is obtained.

Dated:  January 21, 2011                                     SO ORDERED,

_____

Kathleen M. Tafoya

United States Magistrate Judge

| | |
|---|---|
| /s/ Robert C. Byerts<br>BASS SOX MERCER<br><br>Robert C. Byerts<br>2822 Remington Green Circle<br>Tallahassee, Florida  32308<br>Phone:  (850) 878-6404<br><br>*Attorneys for Plaintiff*<br>*Gebhardt European Autos LLC* | /s/ Colm A. Moran<br>HOGAN LOVELLS US LLP<br><br>Colm A. Moran<br>1999 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Tel:  310 785 4600<br><br>Carl J. Chiappa<br>875 Third Avenue<br>New York, NY 10022<br>Tel:  212 918 3000<br><br>Daniel J. Dunn<br>David A. DeMarco<br>1200 17th Street, Suite 1500<br>Denver, CO 80202<br>Tel:  303 899 7300<br><br>*Attorneys for Defendant*<br>*Porsche Cars North America* |

# ACKNOWLEDGMENT OF CONFIDENTIALITY ORDER REGARDING "CONFIDENTIAL" DOCUMENTS AND AGREEMENT TO BE BOUND

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order Governing the Use and Maintenance of Confidential Material entered in the matter titled *Gebhardt European Autos d/b/a Porsche of Boulder v. Porsche Cars North America*, Case No. 10-CV-2696, pending before the United States District Court, District of Colorado, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of the Court.

I further understand and consent that any documents received or reviewed pursuant to the Order are solely for purposes relating to my participation in this proceeding. I will abide by the terms of the Order and understand that failure to do so may subject me to punishment for violation thereof.

I understand and consent to the jurisdiction of the Court with respect to enforcement of the Order.

Dated: _____

_____
[Signature]

_____
[Print Name]

_____
[Title]

_____
[Address]

*EXHIBIT A*

\\\DE - 029022/000001 - 479863 v1