IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02696–MSK–KMT

GEBHARDT EUROPEAN AUTOS, LLC D/B/A PORSCHE OF BOULDER,

    Plaintiff,

v.

PORSCHE CARS OF NORTH AMERICA, INC.,

    Defendant.

---

**ORDER**

---

This matter is before the court on "Defendant's Motion to Amend Answer to Assert Counterclaims" (Doc. No. 56, filed March 11, 2011) and "Plaintiff's Motion to Amend Complaint" (Doc. No. 58, filed March 14, 2011).

**STATEMENT OF THE CASE**

This suit arises out of the termination of a franchise agreement between Gebhardt European Autos, LLC d/b/a Porsche of Boulder (Plaintiff) and Porsche Cars of North America, Inc. (Defendant). Plaintiff brings claims for breach of contract, breach of implied covenant of good faith and fair dealing, violation of several Colorado statutory provisions, estoppel and injunctive relief.

**PROCEDURAL BACKGROUND**

On November, 4, 2010, Plaintiff filed a complaint based on diversity jurisdiction, a motion for a temporary restraining order and a motion for a preliminary injunction. (Doc. Nos. 1 & 2.) On November 9, 2010, District Judge Marcia S. Krieger denied the motion for a TRO and issued an order to show cause why the case should not be dismissed for failure to plead facts to support diversity jurisdiction. (Doc. No. 10.) On November 10, 2010, Plaintiff filed an amended complaint and on November 12, 2010, Judge Krieger referred the motion for a preliminary injunction to this court. (Doc. Nos. 11 & 13.) Defendant answered the amended complaint on November 15, 2010. (Doc. No. 21.)

After holding a hearing on Plaintiff's motion for a preliminary injunction, this court recommended that the preliminary injunction be denied. (*See* Doc. Nos. 28, 33, 38.) Judge Kreiger adopted the recommendation on January 10, 2011. (Doc. No. 39.)

On January 27, 2011, this court held a scheduling conference and set the deadline for joining parties and amending the pleadings at March 13, 2011. (Doc. No. 52.) On March 11, 2011, Defendant filed its motion to amend in which it seeks to assert counterclaims against Plaintiff and on March 14, 2011, Plaintiff filed its motion to amend the complaint to add additional claims against Defendant. Neither party responded to the other party's motion to amend, although both motions purported to be opposed. The motions are ripe for review and ruling.

## LEGAL STANDARD

When a party files a motion to amend after the deadline for amending the pleadings, the court employs a two-step analysis, first determining whether the party has shown good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b), then evaluating whether the party has satisfied the standard for amendment of pleadings under Federal Rule of Civil Procedure 15(a).  This Court has said that

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (internal citations omitted).

Once a party has shown good cause for modifying the scheduling order, it must also satisfy the requirements of Rule 15(a) for amending the pleadings.  Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires."  Fed. R. Civ. P. 15(a).  The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or

dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

## ANALYSIS

### A.   *Plaintiff's Motion to Amend*

Plaintiff filed its motion to amend on March 14, 2011.  (Doc. No. 58.)  The motion asserts, ". . . Plaintiff is not requried to show good cause as the temporal deadlines established by the Court in its Scheduling Order have not lapsed." (*Id.* at ¶ 7.)  Although the motion is written as if it was timely filed, it was, in fact, one day late.  Given its mistaken belief as to the timeliness of its motion, Plaintiff has provided no reason for the delay.

As the motion was filed only one day out of time, it is evident to the court that Plaintiff simply confused the deadline for amending the pleadings and the date of its motion.  There is nothing to indicate to the court that Plaintiff was not diligent in its efforts to meet the deadline in the scheduling order.  Defendant has not filed a response or otherwise addressed the timeliness of Plaintiff's motion.  Under these circumstances the court finds good cause pursuant to Rule 16 and proceeds to the merits of Plaintiff's motion to amend.

Plaintiff seeks to amend the complaint to add claims for tortious interference with business or contractual relations and under the Automobile Dealers Day in Court Act, 15 U.S.C. § 1222.  (Doc. No. 58 at ¶ 1.)  The court notes that the proposed second amended complaint includes numerous additional factual allegations and no longer includes a separate count for injunctive relief although Plaintiff continues to request a permanent injunction in his plea for relief.  Defendant has not responded to Plaintiff's motion.  Upon review of Plaintiff's motion and

proposed Second Amended Complaint, the court finds no evidence of undue delay, bad faith or dilatory motive, failure to cure in a previous amendment or futility of the amendments. Moreover, the case is in its early stages and there is no undue prejudice to Defendant. Accordingly, the motion to amend the complaint is granted.

### B.     *Defendant's Motion to Amend*

Defendant asserts that following the Court's denial of Plaintiff's motion for a preliminary injunction and refusal to reinstate Plaintiff's terminated Porsche franchise, Plaintiff has failed to remove signs bearing Porsche trademarks from its auto dealership. (Doc. No. 56 at 2.) Defendant seeks to amend its answer to assert breach of contract and trademark counterclaims against Plaintiff. (*Id.*) Defendant's motion, filed March 11, 2011, is timely. Again, the case is in the early stages of litigation. The court has reviewed Defendant's motion to amend and proposed counterclaims the finds no evidence of undue delay, bad faith or dilatory motive, undue prejudice or futility. Accordingly the motion to amend is granted.

However, Defendant's proposed counterclaims are contained in a document entitled "Defendant's Counterclaims" and are not included in an answer. Defendant must file a single document containing both its answer to Plaintiff's complaint and its counterclaims. Moreover, the court has granted Plaintiff leave to amend its complaint. Pursuant to Fed. R. Civ. P. 12(a)(1) Defendant will have twenty-one days to respond to Plaintiff's Second Amended Complaint. Defendant shall include the counterclaims and the supporting factual allegations that Defendant has proposed in the document "Defendant's Counterclaims" in its Answer to Plaintiff's Second Amended Complaint.  Therefore, it is

**ORDERED** that "Plaintiff's Motion to Amend Complaint" (Doc. No. 58) is **GRANTED**. The Clerk is directed to file Plaintiff's "Second Amended Complaint (Doc. No. 58-1); it is further

**ORDERED** that "Defendant's Motion to Amend Answer to Assert Counterclaims" (Doc. No. 56) is **GRANTED**. Defendant shall include the proposed counterclaims and supporting factual allegations in its Answer to Plaintiff's Second Amended Complaint.

Dated this 3rd day of May, 2011.

BY THE COURT:

_[signature]_

Kathleen M. Tafoya
United States Magistrate Judge